IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| THERESA BRADLEY | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 5:07-CV-463-HL |
| KAREN HANDEL, individually, & | : | |
| SONNY PERDUE, individually | : | |
| | : | |
| Defendants. | : | |
| | : | |

# ORDER

Before the Court is Plaintiff's Motion for Reconsideration and Demand for Reinstatement of Case (Doc. 13). For the following reasons, Plaintiff's Motion is denied.

## I. FACTS

On December 7, 2007, Plaintiff filed her Complaint (Doc. 1) and Motion for Leave to Proceed In Forma Pauperis ("IFP") (Doc. 2). This Court issued an Order (Doc. 3) on December 11, 2007, directing Plaintiff to provide more financial information to the Court because this Court could not make a reasoned decision on whether to grant or deny Plaintiff's IFP request based on the information she had provided. The Court gave Plaintiff thirty (30) days to file the IFP form that this Court typically uses. On December 26, 2007, Plaintiff responded to the Court's December 11th Order and stated that she would not comply with the Court's request for additional information. As a result, on December 27,

1

2007, this Court had to enter yet another Order (Doc. 5). In that Order, this Court explained to Plaintiff that it does indeed have the authority to request additional financial information when considering a motion to proceed IFP, and the Court again directed Plaintiff to provide the financial information previously requested by the Court. Finally, on January 7, 2008, Plaintiff filed the IFP form that this Court requested.

After careful consideration of the financial information Plaintiff so reluctantly provided to the Court, this Court denied Plaintiff's Motion to Proceed IFP on January 9, 2008. (Doc. 9). This Court gave Plaintiff ten (10) days to pay the entire filing fee, and this Court directed the clerk to dismiss Plaintiff's case if she did not comply with the Order. Under the terms of the Order, Plaintiff had until January 28, 2008, to pay the entire filing fee. Plaintiff, surprisingly, did not pay the filing fee by January 28, 2008, and on January 30, 2008 the clerk terminated Plaintiff's case. On February 12, 2008, Plaintiff filed the instant Motion for Reconsideration, requesting that this Court grant her Motion to Proceed IFP and demanding that her case be reinstated.

## II. DISCUSSION

Plaintiff requests that this Court reconsider two issues. First, Plaintiff requests that this Court reconsider the denial of her Motion to Proceed IFP. Second, Plaintiff requests that this Court reconsider the closure of her civil case..

### 1. Reconsideration of Plaintiff's IFP Motion

Pursuant to Local Rule 7.6, motions for reconsideration of a court's order must be filed within ten days after entry of the order. Middle District of Georgia, Local Rule 7.6.

On February 12, 2008, Plaintiff filed her Motion for Reconsideration requesting that this Court reconsider its January 9, 2008, Order denying Plaintiff's Motion to Proceed IFP. Calculating the time period in accordance with Federal Rule of Civil Procedure 6, Plaintiff's Motion for Reconsideration of that Order is untimely because February 12, 2008, is more than ten days after January 9, 2008. As a result, Plaintiff's Motion for Reconsideration of the denial of her IFP Motion is denied.

### 2. Reconsideration of Case's Termination

Plaintiff has not specified whether her Motion for Reconsideration was filed pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). If a motion for reconsideration of a judgment is filed within ten days after entry of the judgment, the motion is properly considered under Rule 59(e). Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003). On the other hand, a motion for reconsideration of a judgment is properly considered under Rule 60(b) if the motion was filed more than ten days after the judgment was entered. Id. Moreover, Rule 59(e) only applies to motions to reconsider judgments, while Rule 60(b) applies to motions to reconsider both judgments and orders. See FED. R. CIV. P. 59(e); FED. R. CIV. P. 60(b); Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999).

Here, Plaintiff filed her Motion to Reconsider within ten days after the clerk terminated her civil case. The next question, however, is whether the clerk's termination of Plaintiff's civil case constitutes a "judgment" as that term is used in Rule 59(e). For purposes of this Order, this Court need not make that determination because Plaintiff is not entitled to relief under either Rule 59(e) or Rule 60(b).

3

Under Rule 59(e), reconsideration is only proper if the movant has demonstrated that: (1) there has been an intervening change in the law; (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered; or (3) reconsideration is necessary to correct a clear error of law or to prevent manifest injustice. McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). In this case, none of these three situations apply. There has not been an intervening change in the law nor has new evidence been discovered. Last, Plaintiff has not demonstrated that reconsideration is necessary to correct a clear error of law or to prevent manifest injustice. Plaintiff's case was terminated after she failed to pay the filing fee within the time specified by the Court. Plaintiff has not asserted any reasonable justification for her failure to pay. Plaintiff's sole reason for failing to pay is that she is a pauper. This Court, however, determined in its Order denying Plaintiff's IFP Motion that Plaintiff should not be accorded in forma pauperis status. As a result, Plaintiff's continued assertion that she is a pauper is not an excuse for her failure to pay the filing fee, and therefore, she is not entitled to relief under Rule 59(e).

Under Rule 60(b), a court can provide relief from a judgment or order in the following limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of

4

an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). In this case, Plaintiff not asserted that any of the five circumstances apply, and the Court has reviewed the record and has determined that none of them do apply. As to the sixth and final circumstance listed in Rule 60(b), Plaintiff has not asserted any other reason justifying relief. As stated above, Plaintiff's sole excuse for failing to pay the filing fee is that she is a pauper. This Court, however, rejected this assertion when it denied Plaintiff's Motion to Proceed IFP. As a result, Plaintiff is not entitled to relief under Rule 60(b).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is denied.

**SO ORDERED**, this the __21__ day of February, 2008.

____s/Hugh Lawson_____
**HUGH LAWSON, JUDGE**

dhc